UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEREMY SOUTHGATE,<br><br>Plaintiff,<br><br>v.<br><br>SOUNDSPARK, INC., et al.,<br><br>Defendants. | Civil Action No. 14-cv-13861-ADB |

## MEMORANDUM AND ORDER

BURROUGHS, D.J.

For the reasons stated below, the Court (1) grants the plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2]; (2) strikes all but one of the plaintiff's amendments to the complaint; and (3) orders that summonses issue as to the defendants named in the original complaint [ECF No. 1].

I. **Background**

Plaintiff Jeremy Southgate brings this pro se action in which he alleges that seven defendants have infringed on his registered trademark and service mark "SOUND SPARK STUDIOS." According to the original complaint [ECF No. 1], MIT students Ana Villanueva and Christopher Nolte infringed on the mark by naming their start-up music business "SOUNDSPARK," applying for the trademark "SPARKIT," and registering certain associated website addresses. The plaintiff also claims that Warner Music Group Corp., its former CEO Lyor Cohen, Warner Brothers Entertainment, Inc., and Theory Entertainment LLC infringed on the mark.

Since filing his original complaint in October 2014, the plaintiff has filed nine "addenda to evidence," eight amended complaints, and nine filings captioned "supplemental evidence." The defendants now number approximately ninety. The plaintiff seeks to hold the later-named defendants liable because they are close investors, partners, or associates "of some investing or partnering entity, in Trust and connection with Lyor Cohen and 300 Entertainment." [Eighth Am. Compl., ECF No. 22, ¶ 81.]

The plaintiff also seeks leave to proceed in forma pauperis. [ECF No. 2.] Summonses have not issued pending resolution of the in forma pauperis application and a preliminary review of the pleadings.

## II. Discussion

### A. Motion for Leave to Proceed In Forma Pauperis

Upon review of the plaintiff's motion for leave to proceed in forma pauperis, the Court concludes that the plaintiff has sufficiently demonstrated that he is without income or assets to pay the $400 filing fee. Accordingly, the Court grants the motion.

### B. Amendments to the Complaint

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course within . . . 21 days after serving it, or . . . 21 days after service of a responsive pleading or 21 days after service of" certain motions. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Here, the plaintiff has purported to amend his complaint numerous times. The Court will construe the first amendment—captioned "Second Addendum to Complaint" [ECF No. 4]—as his one amendment as a matter of course pursuant to Rule 15(a)(1). However, all subsequent

2

amendments, whether captioned as addenda or amended complaints, were unauthorized because the plaintiff filed them without the written consent of the opposing parties or leave of the Court. Therefore, they will be disregarded. See, e.g., Prakash v. Atladis U.S.A., Inc., No. 5:10CV33, 2010 WL 2653419 (N.D. Ohio July 2, 2010) (holding that the pro se plaintiff's first amended complaint, filed before the original complaint had been served, was permitted under Rule 15(a)(1), but striking the next amended complaint, filed without the opposing parties' consent or leave of court). Thus, the operative complaint shall consist of the original complaint [ECF No. 1] and the first amended complaint (captioned "Second Addendum to Complaint") [ECF No. 4].[1] Further, the Court will not entertain any motion to amend until after the original seven defendants have been served with and have had an opportunity to respond to the complaint. Although "[t]he court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), it is not in the interest of justice to allow further amendment before the Court reviews responses from the original seven defendants.

### III. Conclusion

Accordingly:

1. The motion for leave to proceed in forma pauperis [ECF No. 2] is GRANTED.

2. The operative complaint shall consist of the original complaint [ECF No. 1] and the first amended complaint (captioned "Second Addendum to Complaint") [ECF No. 4]. All other addenda, amended complaints, and "supplemental evidence" will be disregarded. Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, the plaintiff shall not file any further

---

[1] The first amended complaint [ECF No. 4] is not a stand-alone pleading, but adds factual allegations in numbered paragraphs that begin where the original complaint left off. Thus, the first amended complaint must be read with the original complaint.

3

such documents without the written consent of the original seven defendants or prior leave of the Court.

3. Summonses shall issue as to the original seven defendants: SoundSpark, Inc., Ana Villanueva, Christopher Nolte, Lyor Cohen, Theory Entertainment LLC, Warner Bros. Entertainment, Inc., and Warner Music Group Corp.

4. The plaintiff shall have 120 days from the date of this order to complete service in accordance with Rule 4 of the Federal Rules of Civil Procedure. Because he is proceeding <u>in forma pauperis</u>, the plaintiff may elect to have service completed by the United States Marshals Service, with all costs of service to be advanced by the United States, provided that he delivers to the United States Marshals Service all documents and completed forms for service, including the address at which each defendant is to be served.

**SO ORDERED.**

Dated: May 1, 2015

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
DISTRICT JUDGE